UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHELLE TORRES, Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs | § § | Civil Action No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| J JAIME HOME HEALTH SERVICES, LLC., D/B/A MI ESPERANZA PROVIDER CARE, MARIA G. JAIME, and JOSE JAIME | § § § § | COLLECTIVE ACTION |
| Defendants | § § | PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Michelle Torres brings this action individually and on behalf of all current and former home health providers (hereinafter "Plaintiff and the Putative Class Members") who worked for J Jaime Home Health Services, LLC d/b/a Mi Esperanza Provider Care; Maria G. Jaime; and/or Jose Jaime (hereinafter collectively referred to as "Defendants"), and were paid hourly but did not receive overtime, during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of Defendants who worked for Defendants as home health providers within the last three years.

1.3     Plaintiff and the Putative Class Members were (and are) paid at an hourly rate. Specifically, Defendants paid Michelle Torres $10.00 per hour for all hours worked without the proper overtime premium for all hours worked in excess of forty (40) in a workweek.

1.4     Instead of paying Plaintiff and the Putative Class Members overtime for hours worked in excess of forty (40) in a workweek, Defendants would only pay the regular rate regardless of the number of hours worked.

1.5     The decision by Defendants not to pay any overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.6     Defendants knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) hours per workweek.

1.7     Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.[1]

1.8     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.9     Plaintiff also prays that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Michelle Torres ("Torres") is an individual who resides in Nueces County, Texas. Plaintiff Torres worked for Defendants within the meaning of the FLSA within this judicial

---

[1]     All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

district within the relevant three-year period. Plaintiff Torres did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Putative Class Members are those current and former non-exempt home health providers who work (or have worked) for Defendants within the past three years and who were subjected to the same illegal pay system under which Plaintiff Torres worked and was paid.

2.3     Defendant J Jamie Home Health Services, LLC d/b/a Mi Esperanza Services, LLC ("Mi Esperanza") is a Texas limited liability company and may be served with process through its registered agent for service: **Jose Jaime, at 517 Rio Morava, Laredo Texas, 78046.**

2.4     Defendant Jose Jaime ("J Jaime") is a managing member of Mi Esperanza and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Mi Esperanza, Defendant J Jaime employed or jointly employed Plaintiff and the Putative Class Members. Jose Jaime may be served with process at **517 Rio Morava, Laredo Texas, 78046, or wherever he may be found.**

2.5     Defendant Maria G. Jaime ("M Jaime") is a managing member of Mi Esperanza and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Mi Esperanza, Defendant M Jaime employed or jointly employed Plaintiff and the Putative Class Members. Maria G. Jaime be served with process at **517 Rio Morava, Laredo Texas, 78046, or wherever she may be found.**

2.6     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Mi Esperanza, Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

---

[2] The written consent of Michelle Torres is attached hereto as Exhibit "A."

# III.
# JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants conduct within this district.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Defendants have maintained a working presence throughout South Texas and operate an office in Corpus Christi, Nueces County, Texas and Plaintiff Torres worked out of the Corpus Christi, Texas office throughout her employment with Defendants, all of which are located in this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those

enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, they provided services for Defendants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.7     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees of Defendants who regularly utilized the telephone and Internet for case management issues dealing with insurance, Medicare, and Medicaid policies, which included making, on occasion, out-of-state calls in fulfilling their job duties. *See* 29 U.S.C. § 203.

4.6     The proposed class of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all home health providers who worked for J Jaime Home Health Services, LLC. d/b/a Mi Esperanza Provider Care, Maria G. Jaime and/or Jose Jaime, at any time in the last three years, and were paid an hourly rate but no overtime."

4.7     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

# V.
# FACTS

5.1     Defendants provide home health, elderly care, and other specialized services in the home health industry throughout South Texas and the Coastal Bend.

5.2     Defendants Jose and Maria Jaime are joint employers pursuant to 229 C.F.R. § 791.2.

5.3     Specifically, they dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of Mi Esperanza and/or their clients.

5.4     Further, Defendants Jose and Maria Jaime manage key internal relationships to Mi Esperanza—that is, they direct the financials of Mi Esperanza and they control the hourly rates of Plaintiff and the Putative Class Members who directly or indirectly report to these Defendants.

5.5     Moreover, these Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

5.6     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

5.7     To provide these services, Defendants employed (and continue to employ) numerous home health providers, such as Plaintiff and the Putative Class Members, who take care of the patients' various medical care needs.

5.8     Plaintiff's primary task has always been to provide direct in-home health services to Defendants' clients. In this capacity, Plaintiff is required to travel to her patients' homes to provide assistance with medical tasks such as ensuring that patients take their medication and facilitating daily testing and/or in-home procedures, as dictated by the patients' daily needs. Plaintiff also assists her patients in traveling to and from appointments with doctors and other care specialists.

5.9 Plaintiff and the Putative Class Members routinely work up to seven (7) days per week and typically more sixty (60) hours each week.

5.10 Plaintiff and the Putative Class Members daily and weekly activities were routine and largely governed by standardized plans, procedures, and assignments created by Defendants and/or the State of Texas. Virtually every job function was pre-determined by Defendants including the schedule of work, and related work duties.

5.11 Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, Plaintiff and the Putative Class Members' job functions were primarily service oriented, requiring little to no official training, much less a college education, other advanced degree, or even professional licensing.

5.12 Defendants paid (and continues to pay) Plaintiff and the Putative Class Members a flat hourly rate for the work they performed. Specifically, Defendants paid Plaintiff Torres $10.00 per hour for all hours worked.

5.13 While the precise job duties of Plaintiff and the Putative Class Members may vary, these variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek. To the contrary, all of Defendants' home health provider employees are non-exempt.

5.14 While employers—like Defendants—can pay its non-exempt employees on an hourly rate basis, the employee(s) still must receive overtime pay for hours worked in excess of forty (40) in a workweek.

5.15 Defendants know Plaintiff and the Putative Class Members work (and worked) more than forty (40) hours in a week and that they routinely work (and worked) in excess of sixty (60) or more hours in a workweek.

5.16     Thus, Defendants acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) during the workweek.

# VI.
# CAUSES OF ACTION

**A.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1     Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4     Defendants are sophisticated parties and joint employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.      COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all home health providers who worked for J Jaime Home Health Services, LLC d/b/a Mi Esperanza Provider Care, Maria G. Jaime and/or Jose Jaime, at any time in the last three years, and were paid an hourly rate but no overtime."

6.11    Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14    All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are non-exempt home health care providers who are entitled to overtime after forty (40) hours in a week.

6.16     Defendants have employed a substantial number of home health care providers during the past three years.

6.17     Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

6.18     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19     Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL HOME HEALTH PROVIDERS WHO WORKED FOR J JAIME HOME HEALTH SERVICES, LLC D/B/A MI ESPERANZA PROVIDER CARE, MARIA G. JAIME AND/OR JOSE JAIME, AT ANY TIME IN THE LAST THREE YEARS, AND WERE PAID AN HOURLY RATE BUT NO OVERTIME**

## VII.
## RELIEF SOUGHT

7.1     Plaintiff respectfully prays for judgment against Defendants as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b.     For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for

liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

  e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

  f. For an Order awarding Plaintiff (and those who have joined in the suit) attorney's fees;

  g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding Plaintiff a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of Defendants; and

  j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlwaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**