# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHELLE TORRES, | § § | |
| *Plaintiff,* | § § | Civil Action No. 2:17-cv-00229 |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| J JAIME HOME HEALTH SERVICES, LLC., D/B/A MI ESPERANZA PROVIDER CARE, MARIA G. JAIME, and JOSE JAIME | § § § § | |
| *Defendants* | § § | |

## JOINT MOTION FOR CONFIDENTIAL APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Michelle Torres ("Plaintiff" or "Torres") and Defendants J Jamie Home Health Services, LLC d/b/a Mi Esperanza Provider Care, Maria G. Jamie, and Jose Jaime ("Defendants") (Plaintiff and Defendant are collectively referred to herein as, the "Parties"), file this Joint Motion for Confidential Approval ("Motion") of Settlement Agreement ("Agreement") filed under seal as Exhibit "A" to this Motion, asking that the Court: (1) confidentially approve the Parties' Confidential Agreement as expressed therein, filed as Exhibit A under seal; and (2) dismiss this Lawsuit with Prejudice in a public filing. The Parties respectfully state as follows in support of this Motion:

## I.
## FACTUAL BACKGROUND

On June 30, 2017, Plaintiff Torres brought suit against Defendants for alleged failure to pay her and all others similarly situated overtime compensation for hours worked over 40 in a workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19. ECF No. 1. Plaintiff alleges that she did not receive time and a half for all hours worked in excess of forty in a workweek. *See id.* Defendant answered this suit on October 3, 2017, denying all allegations and liability. *See* ECF Nos. 10 and 11.

1

Despite the Parties' ongoing dispute regarding the validity of Plaintiff's claims, the Parties have entered into the Agreement to bring the Lawsuit to an expeditious conclusion. The Agreement contains a confidentiality provision that is an essential and material term. Accordingly, the Parties agree that the Agreement should be kept confidential and respectfully request that the Court enter its approval under seal.

## II.
## THE NEED FOR COURT APPROVAL

Courts in the Fifth Circuit have enforced a private compromise of an FLSA claim negotiated between an employer and employees even in the absence of court approval, where there existed "a bona fide dispute as to liability" as to the amount of hours worked and the compensation due. *See Martin v. Spring Break '83 Production* 688 F.3d 247, 255 (5th Cir. 2012).

However, out of an abundance of caution, the Parties nevertheless request Court approval of the Agreement. Although the Parties have decidedly different views of the merits of this case, all agree that the Agreement is fair and reasonable, and represents a reasonable compromise of the disputed issues in this case.

The Parties also jointly request that the Court review the Agreement confidentially and under seal. This settlement does not impact the claims or interests of any individuals who are not parties to the present action. In light of this, the Parties request that the Court confidentially approve this settlement.

## III.
## PROPRIETY OF APPROVAL

The proposed settlement is subject to approval by the Court subject to Section 216(b) of the FLSA. As shown below, Court approval is warranted based on existing case law.

### A. The Six-Factor Standard is Satisfied

The Court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* Therefore, the Rule 23(e) fair and reasonable settlement standard encompasses a fair and reasonable standard under the FLSA. *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating he proposed settlement agreement for class actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgement for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the settlement agreement. Plaintiff's counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases for groups of employees are always expensive and time-consuming, and therefore the expense and likely duration of continued litigation favor approval. The parties engaged in substantial legal research, document review, and data analysis and performed due diligence before beginning to

negotiate a settlement in good faith. The issues pertinent to Plaintiff's claims and Defendants' defenses were well understood and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement, as does Plaintiff herself.

1. *The Absence of Fraud or Collusion in the Settlement Favors Approval*

An initial presumption exists that a settlement is fair where counsel for the parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Settlement of this litigation was achieved through an informal resolution process. The Parties took appropriate steps in negotiating the comprehensive settlement agreement, which includes payment to Plaintiff and payment for Plaintiff's attorneys' fees and expenses. There is no indicia of fraud or collusion.

2. *The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favors Settlement*

The complexity, expense, and duration of this case (were it not to settle at this time) are significant factors that all favor settlement. If the Parties had not been able to resolve the claims at issue through compromise, this litigation would likely continue because the Parties continue to disagree regarding the merits of Plaintiff's claims, specifically, whether Plaintiff's acceptance of the settlement funds constituted a waiver of additional liquidated damages, if any. The Parties would have litigated these claims through trial and appeal. Thus, the Parties will incur substantial additional legal fees and expenses if this case is not settled. Given the complexities of the claims at issue and the expense and extended duration of continuing litigation, settlement is in the interests of Plaintiff, Defendants, and judicial economy.

3. *The Discovery Taken by the Parties Favors Approval of the Settlement*

The Parties engaged both served written discovery regarding Plaintiff's claims. The Parties undertook independent factual investigation of Plaintiff's claims and analyzed the legal issues at hand.

Based on the documents exchanged during discovery, it is clear that Plaintiff received a check from Defendants purporting to compensate her for her unpaid overtime wages. It is also clear that Plaintiff cashed the check purporting to compensate her for her unpaid wages. Accordingly, the discovery taken by the Parties favors approval of the settlement because it highlights that Plaintiff has been compensated for her unpaid overtime and her entitlement to additional liquidated damages is hotly contested by Defendants.

4. *The Uncertainty of this Litigation Favors Settlement*

Plaintiff and Defendants are well aware of the uncertainty associated with litigation. While Plaintiff is confident in her claims, she also understands that her claims in this case may prove to be unsuccessful. Accordingly, Plaintiff strongly prefers the certainty of the proposed settlement to the risks and costs associated with continued litigation. Likewise, Defendants understand the risk of litigating the claims at issue and prefer the certainty of the proposed settlement to the risks and costs associated with continued litigation.

5. *The Available Range of Recovery and the Uncertainty of Damages Favor Settlement*

Plaintiff's claims are centered around a single issue—whether or not Plaintiff is entitled to additional liquidated damages after accepting a settlement check in the amount ordered by the DOL. Plaintiff contends that she remains entitled to recover liquidated damages in an amount equal to her unpaid overtime ($10,000.00) as they were not accessed by the DOL. Defendants contend that Plaintiff's acceptance of the DOL settlement amount, evinced by her cashing of the settlement check, constitutes a waiver and release of any and all further payments. As such, the settlement amount accounts for exactly one-half of the available range of recovery.

The risk that Defendants would prevail on their defenses favors settlement. On the other hand, settlement is equally in Defendants' best interest because the costs of proceeding through trial on the merits are excessive considering the amount of damages at issue. Further, should Plaintiff

prevail on her claims, Defendants would be liable not only for their own costs through trial, but also for the fees and costs of Plaintiff's counsel. Accordingly, the Parties agree that this settlement is in their best interest.

      6. *The Opinions of All Parties and Counsel Favor Settlement*

The lawyers of Anderson Alexander, PLLC ("A2X") have litigated more than 100 individual, collective, and class action wage and hour cases of all types and have recovered millions of dollars in these cases on behalf of workers across the United States. Based on this experience, A2X can confidently report to the Court that this prong is met. After intense settlement negotiations, an arms-length settlement was reached that, in the view of Plaintiff's counsel, affords the Plaintiff with significant and meaningful financial benefits. Importantly, there are no absent class members to take into consideration in analyzing this factor.

Further, Defendants, upon the advice of their counsel, agree that this settlement is in their best interest and seek approval of the Settlement Agreement.

**B.    The Settlement Payments are Fair, Reasonable, and Adequate**

As part of the scrutiny applied to an FLSA collective action settlement, a court must insure that the distribution of the settlement proceeds is equitable. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855–56 (1999). In the present case, the proposed settlement payment to Plaintiff listed in Exhibit 1 to the Settlement Agreement represents a substantial percentage of the potential value of her claims. The calculations used to determine the settlement amount were based on actual damages, as calculated by the DOL investigator. This method of allocating the net settlement fund in a wage and hour case is equitable and fair.

**C.    Plaintiff's Counsel's Fees and Expenses are Proper, Reasonable, and a Negotiated Part of the Comprehensive Settlement Agreement**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

29 U.S.C. § 216(b); *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008). The FLSA has a fee-shifting provision that specifies that the prevailing party shall recover reasonable attorneys' fees and litigation costs.[1] 29 U.S.C. § 216(b). Indeed, an award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court. *See Prater*, 2008 WL 5140045, at *2 (citing *Kreager v. Solomon & Flanagan P.A.*, 775 F.2d 14 (11th Cir. 1985)). As part of its fairness determination, the Court must determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849–50 (5th Cir. 1998). Congress has determined that it is important for FLSA rights to be enforced and that reasonable attorneys' fees must be award to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant and who are relatively unable to pay an hourly fee.

The Fifth Circuit utilizes the "lodestar method" to "access attorneys' fees" in FLSA suits. *Id.* at 850. To calculate the loadstar, this Court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorneys. *Id.* The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate.

After calculating the lodestar, the Court must consider whether to adjust the fee upward or downward. *Prater*, 2008 WL 5140045, at *3. In considering an upward or downward adjustment, the most important factor for the courts to consider is the result obtained—however, the fee award should not be simply proportionate to the results obtained. *See id.* (citing *Andrews v. U.S.*, 122 F.3d 1367, 1376 (11th Cir. 1997). "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Powell v. Carey Intern., Inc.*, 547 F.Supp.2d

---

[1] It is well-settled law that a party who benefits for a settlement that is judicially sanctioned is a prevailing party and entitled to recover reasonable attorneys' fees. *See Prater*, 2008 WL 5140045, at *2.

7

1281, 1286 (S.D. Fla. 2008); *see also, e.g., City of Riverside v. Rivera*, 477 U.S. 561, 574, 578 (1986) (finding that there is no rule of proportionality in cases awarding fees under Section 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Howe v. Hoffman-Curtis Partners Ltd.*, 215 Fed. App'x 341, 342 (5th Cir. Jan. 30, 2007)("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorneys' fees even though Plaintiff recovered only $1,698.00); *Fox v. Tyson Foods, Inc.*, No. 4:99-cv-1612-VEH, 2009 WL 9541256, at *18, 23 (N.D. Ala. Feb. 17, 2009) (awarding $765,618.10 in attorneys' fees based on the attorneys' lodestar hourly rates in an FLSA case where the plaintiffs collectively recovered $4,937.20 in wages).

    1.    *Lodestar Calculation: Reasonable Hourly Rate*

The first step in computing the lodestar is determining the reasonable hourly rate. To do this, courts look to the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community. *See Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002). To establish the reasonable hourly rate, Plaintiff's counsel rely on their own affidavits and rates actually billed and paid in similar lawsuits. *See Watkins v. Input/Output, Inc.*, 531 F.Supp.2d 777, 784 (S.D. Tex. 2007).

Clif Alexander took a lead role in this litigation. Mr. Alexander focuses his practice on representing wage and hour clients throughout the United States—he has been lead counsel in more than 100 individual, collective, and class action wage and hour cases across the United States. Mr. Alexander is a zealous advocate for his clients and a dedicated lawyer. Mr. Alexander is a 2008 graduate of South Texas College of Law—Houston. Mr. Alexander further represents his clients' interest

8

through leadership positions in state and local organizations, in addition to membership in national and practice specific organizations. Since 2015, for example, Mr. Alexander has served on the Texas Trial Lawyers Association's Board of Advocates/New Lawyers Division, and was the President of the Corpus Christi Young Lawyers Association from 2015 until 2016. Mr. Alexander has been recognized by his peers for his exemplary performance and has been named a "Rising Star" in the Texas Monthly magazine for the past four years. Mr. Alexander's hourly rate is $400.00.

Lauren Braddy, an attorney with Anderson Alexander, PLLC, also worked on this case and was responsible for communicating with the client regarding her claims, drafting the complaint, and drafting the discovery requests and responses that were served in this lawsuit. Ms. Braddy began working with Mr. Alexander in 2015, and since that time has practiced almost exclusively wage and hour litigation wherein she has represented thousands of workers in individual, collective, and class action lawsuits across the United States. Ms. Braddy works diligently to ensure that that her clients receive the compensation legally owed to them and to effectively communicate with the clients through all phases of the litigation. Ms. Braddy is a 2010 graduate of Baylor Law School. In addition to a robust litigation docket, Ms. Braddy further represents her clients' interests through leadership positions in local organizations, and maintains membership in state and national advocacy organizations. Ms. Braddy was a long-time executive board member for the Corpus Christi Young Lawyers Association, and served on the board of directors for six years from 2010 through 2017. Ms. Braddy additionally serves as an active board member for the Coastal Bend Women Lawyers' Association ("CBWLA") and has been a member of the CBWLA's board of directors for the past five years. Ms. Braddy has also been recognized by her peers for her legal expertise and has been named a "Rising Star" in Texas Monthly Magazine for the past three years. Ms. Braddy's hourly rate is $350.00.

As of November 1, 2018, class counsel has expended more than 10 hours in this case. This equates to approximately $5,050.00 in attorneys' fees. The breakdown per attorney and staff member

9

is as follows:

| ATTORNEY/STAFF | HOURS | RATE | TOTAL |
|---|---|---|---|
| Clif Alexander | 5 | $400.00 | $2,000.00 |
| Lauren Braddy | 8 | $350.00 | $2,800.00 |
| Paralegal | 2 | $125.00 | $250.00 |
| | | FEE TOTAL: | $5,050.00 |

Multiple district courts have approved Mr. Alexander's $400.00 hourly rate, and Ms. Braddy's $350.00 hourly rate as a reasonable hourly rated when performing their lodestar calculations. *See Rater v. Rix Energy Services*, No. 2:16-cv-705, ECF No. 57 (S.D. Oh. Nov. 28, 2017), hereby attached as Exhibit B; *Lyles v. Falcon Flowback Srvs.* No. CIV-15-1198-R, ECF No. 43 (W.D. Okla. Feb. 7, 2018), hereby attached as Exhibit C (Order Approving FLSA Settlement Agreement);[2] *Tabb v. Mentor Protection Services LLC, et al.*, No. 5:17-cv-1130-D, ECF No. 11 (W.D. Okla. Oct. 23, 2018), hereby attached as Exhibit E.

Accordingly, Plaintiff's counsel's respective hourly rates are reasonable considering the skill and expertise of the attorneys involved, and are additionally supported by awards from multiple courts throughout the United States.

2. *Lodestar Calculation: Reasonable Number of Hours Expended*

Plaintiff's counsel have reasonably expended fifteen hours in the investigation and prosecution of Plaintiff's claims against Defendants. This case has been on file since June 2017 and Plaintiff's counsel have spent over one year litigating this matter. This time includes the time expended in speaking with Plaintiff; evaluating her claims against Defendants; drafting the Original Complaint;

---

[2] *See also Lyles v. Falcon Flowback Srvs.* No. CIV-15-1198-R, ECF No. 42 (W.D. Okla. Feb. 7, 2018) (Joint Supplement to Joint Motion to Approve FLSA Settlement wherein Mr. Alexander's hourly rate was identified as $400.00), hereby attached as Exhibit D.

drafting and responding to written discovery, reviewing the documents produced during discovery, and negotiating a settlement agreement.

Plaintiff's counsel also ensured that they fully satisfied all obligations imposed by Federal Rule of Civil Procedure 26 and this Court, including but not limited to: conferring with Defendants' counsel for the Rule 26(f) Conference, drafting and serving Rule 26 Initial Disclosures, and preparing a Joint Case Management and Discovery Plan and Proposed Scheduling Order for filing with this Court.

Upon reaching a comprehensive compromise, fully encompassing all claims, defenses, and expenses for all parties, Plaintiff's counsel, with input from Defendants' counsel, prepared a Settlement Agreement that was agreed to by Plaintiff and Defendants. All of the hours incurred by Plaintiff's counsel were in the furtherance of tasks that were both reasonable and necessary for the prosecution of Plaintiff's claims. Plaintiff has not included time spent researching and drafting motions that were not filed with the Court nor have they included time on matters not pertinent to the merits of this Lawsuit.

3. *The Lodestar Amount is Reasonable*

This Court should approve the requested hourly rates because they are reasonable and have been approved by courts in other jurisdictions. Further, the hours expended by Plaintiff's counsel and staff throughout the sixteen months this case has been pending are all reasonable, necessary, and were a part of Plaintiff's eventual settlement. Therefore, Plaintiff contends that the lodestar amount of $5,050.00 is fair and reasonable.

Although Plaintiffs' counsel would be entitled to an attorneys' fee award of $5,050.00 based on the lodestar, as calculated above, the Settlement Agreement provides for a reduced fee award of over sixty percent (60%) below the applicable lodestar. That is, instead of seeking the full $5,050.00, Plaintiff's counsel has agreed to a fee of $2,000.00, to facilitate a resolution of the matter.

**D. The Attorneys' Fees and Costs Are Included in the Comprehensive Settlement Agreement Signed by All Parties**

The Settlement Agreement before the Court has, as one of the agreed terms, that the attorney's fees of $2,000.00 are included in the total settlement amount. Exhibit 1 to the Settlement Agreement included a distribution table laying out the precise division of the settlement funds. The Parties have agreed to the distribution and executed the settlement agreement. *See* Exhibit A.

Plaintiff's counsel also incurred approximately $2,080.00 in costs and expenses. These costs were reasonable and necessarily incurred for filing the lawsuit, obtaining service for the three named defendants, fees relating to efiling, and legal research.

Plaintiff respectfully notes that it is customary to include the amount of attorneys' fees and costs in the Settlement Agreement and this Court, as well as courts throughout the Southern District of Texas and the Fifth Circuit, regularly approve FLSA settlement agreements that fully resolve the claims between the parties, including the amount of attorneys' fees and costs owed to counsel. *See, e.g., Jaso v. Bulldog Conn. Specialists LLC,* No. 2:15-cv-269, ECF No. 29 (S.D. Tex. Aug. 24, 2016) (Tagle, J.) (order approving settlement that provided for distribution of attorney's fees by its terms) hereby attached as Exhibit F; *Harris v. Bear Creek Services, LLC d/b/a Emerald Surf Sciences*, No. 2:15-cv-438, ECF No. 67 (S.D. Tex. Sept. 6, 2016) (Tagle, J.) (order approving FLSA settlement that provided for the distribution of attorney's fees) hereby attached as Exhibit G; *Sheard v. Nitro Fluids, LLC*, No. 2:15-cv-323, ECF No. 45 (S.D. Tex. Aug. 16, 2016) (Tagle, J.) (order approving FLSA settlement that provided for the distribution of attorney's fees) hereby attached as Exhibit H; *see also, e.g., Bazan v. Garza*, No. 2:16-cv-00008, ECF No. 51, (S.D. Tex. Jan. 17, 2017) (Ramos, J.) (order approving FLSA settlement that provided for the distribution of attorneys' fees) hereby attached as Exhibit I; *Schultz v. Pay Zone Mud Logging, Inc.*, No. 2:15-cv-50, ECF No. 58 (S.D. Tex. Feb. 14, 2017) (Ramos, J.) (order approving FLSA settlement that provided for the distribution of attorneys' fees) hereby attached as Exhibit J; *Cantu v. Contain Energy Services, LLC*, No. 2:15-cv-00422, ECF No. 37 (S.D. Tex. Feb. 6,

2017) (Ramos, J.) (order approving FLSA settlement that provided for the distribution of attorneys' fees) hereby attached as Exhibit K; *Hernandez v. Completion Equipment Rental, Inc.*, No. 2:15-cv-521, ECF No. 41 (S.D. Tex. Mar. 1, 2017) (Jack, J.) (order approving FLSA settlement that provided for the distribution of attorneys' fees) hereby attached as Exhibit L; *Beardslee v. Randalls Food & Drugs LP*, No. H-09-1200, 2009 WL 1957714 (S.D. Tex. Jul. 7, 2007) (Rosenthal, J.) (order approving the settlement agreement and finding the amount of attorney's fees provided for in the settlement agreement are fair and reasonable); *Pointer v. Flight Services & Systems, Inc.*, No. 15-3398, 2016 WL 9412676, at *1–2 (E.D. La. Aug. 29, 2016) (Brown, J.) (approving the attorneys' fees and costs and stating that, in the settlement approval context "the court shall allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Villeda v. Landry's Restaurants, Inc.*, No. H-08-2287, 2009 WL 3233405 (S.D. Tex. Oct. 7, 2009) (Rosenthal, J.) (order approving the settlement agreement and finding the amount of attorney's fees provided for in the settlement agreement are fair and reasonable); *Ruiz v. GVMS, Inc.*, No. H-08-1692, 2009 WL 3157349 (S.D. Tex. Sept. 25, 2009) (Rosenthal, J.) (order approving the settlement agreement and finding the amount of attorney's fees provided for in the settlement agreement are fair and reasonable); *Williams v. Ballys La. Inc.*, No. 05-5020, 2007 WL 2042443, at *2 (E.D. La. Jul. 12, 2007) (Africk, J.) (finding that the settlement, the distribution of the settlement fund and the attorney's fees costs are reasonable and fair, the court approved the settlement and entered final judgment dismissing the action with prejudice); *Rivas v. Beaucoup Crawfish of Eunice Inc.*, No. 6:12-cv-02610, 2014 WL 5488390, at *7–8 (W.D. La. Oct. 28, 2014) (Haik, J.) (approving the settlement agreement and granting the joint motion to approve the collective action settlement and approve an award of attorneys' fees and expenses).

As the Settlement Agreement between the Parties expressly provides for the payment of attorneys' fees out of the total settlement amount, the compromise reached between the parties will be void if the whole agreement is not approved, requiring both parties to begin to incur additional

time and expense.

## IV.
## PRAYER

WHEREFORE, the Parties respectfully request that the Court review the Agreement attached as Exhibit A; approve the Agreement as a fair and reasonable compromise and dismiss the Lawsuit with Prejudice as to Plaintiff and Defendants.

Date: November 3, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Austin W. Anderson*
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff***

                         **THE LAW OFFICE OF OSCAR A. VELA, JR., P.C.**

By:     */s/ Oscar A. Vela, Jr.*
          **Oscar A. Vela, Jr.**
          Texas Bar No. 34004967
          ovela@thevelafirm.com
          1004 East Hillside Road, Ste. B
          Laredo, Texas 78401
          Telephone: (956) 568-0221
          Facsimile: (956) 568-0052

          ***Attorney for Defendants***

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 3, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                  */s/ Austin W. Anderson*
                                  Austin W. Anderson